### BOROVITZ, Admr v MIHALY

Ohio Appeals, 9th Dist, Summit Co

No 2320. Decided Nov 9, 1933

Carl M. Myers, Akron, and D. D. Silashki, Akron, for plaintiff in error.

Rockwell, Grant, Thomas & Buckingham, Akron, for defendant in error.

## OPINION

By WASHBURN, PJ.

The suit being by an administrator and on behalf of heirs, we do not think that the defendant Mary Mihaly was a competent witness to testify in her behalf; the trial court earlier in the trial correctly so ruled.

We find, however, that the error of the court in permitting Mary Mihaly to testify to the limited extent indicated, was not prejudicial in this instance.

Of course, we recognize that, where a question of fact is being tried to the court, the duty of the trial judge to rule correctly on the reception of evidence is the same as when a jury is to determine the fact (Stoltz v Carroll, Admx., 99 Oh St 289), but there is some difference in the two situations in reference to whether an error in receiving incompetent evidence is prejudicial; if the judge trying the case concludes, upon the consideration of the case, that the evidence is not competent or that its competency is doubtful, he is much more likely than a juror would be not to give great or controlling effect to such evidence, and the other evidence on the issue may be so compelling as to make it quite plain that the incompetent evidence did not prejudice or that it probably did prejudice one of the parties.

The mere fact that the incompetent evidence was in some degree cumulative, will not justify the conclusion that its admission was not prejudicial (The N. Y. C. Rd. Co. v Stevens, 126 Oh St 395), but if the other evidence on the issue would not justify any conclusion except the one reached, it is evidently quite probable that the error in the admission of the incompetent evidence was not prejudicial.

494

In the case at bar, we do not see how the reception of such incompetent evidence could have affected the result even if the trial had been by a jury.

The only important fact to which Mary Mihaly testified was that she received said policy from Frank Horvath about a year before his death.

At the time she was permitted to so testify, there had been three uncontradicted and unimpeached witnesses who had testified to having been present at and knew of such delivery, and in opposition thereto there was one witness who testified that he saw the policy among the effects of Frank Horvath after his death; and it seems to us that the trial judge, after listening to the testimony of these four witnesses, would not be likely to have any doubt about Mary Mihaly having had possession of the policy before the death of Frank Horvath, and we accordingly hold that the error in receiving her evidence was not prejudicial.

The other exception in the record raises the question as to the finding of the trial court being against the weight of the evidence.

On that question we have read the record and the briefs of counsel, and are unanimously of the opinion that the finding is not manifestly against the weight of the evidence, and that no other finding would have been justified.

Judgment affirmed.

A like entry may be made in the separate error proceedings prosecuted by Radoye Yankovitch, consul general (No. 2319).

FUNK and STEVENS, JJ, concur in judgment.